JUSTICE LEAPHART,
dissenting.
I dissent. In opposing Safeco’s motion for summary judgment, Miller put forth essentially two separate arguments: (1) that at the time of signing the release, he was suffering from mental problems which effected his capacity to comprehend what he was doing, and (2) that he did not understand the terminology and scope of the specific release language. With regard to the question of his mental capacity, I think that Miller raised a genuine issue of material fact sufficient to defeat the motion for summary judgment. Miller submitted the affidavit of a psychologist, Timothy Casey, who testified that he had diagnosed Miller as having somatoform pain disorder and Axis II diagnosis of paranoid personality disorder; further, that these disturbances may have compromised Miller’s judgment at the time of signing the release. The District Court rejected Casey’s testimony because he was not treating Miller at the time of the release. However, Miller submitted his own affidavit which stated that he had suffered from a mental and psychological disorder for a number of years and “was suffering from such disorders in March, 1991” — the date of the release. Without commenting upon the strength or weight of this testimony, I believe that the psychologist’s affidavit combined with Miller’s uncontroverted affidavit raises a genuine issue of material fact as to whether Miller was of “unsound mind” under § 28-2-201, MCA, and thus incapable of executing a valid release, irrespective of the particular language of the release in question. I would reverse the summary judgment.
JUSTICE TRIEWEILER and JUSTICE HUNT join in the foregoing dissent of JUSTICE LEAPHART.